UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUMICO LIFE INSURANCE COMPANY,**<br><br>       Plaintiff,<br><br>    v.<br><br>**JENNIFER MARKS,**<br><br>       Defendant. | **Civil Action No. 19-18968 (JMV)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Lumico Life Insurance Company ("Plaintiff") for Substituted Service by Publication and Mailing [ECF No. 4]. For the reasons set forth below, Plaintiff's motion for Substituted Service [ECF No. 4] is **GRANTED**.

**I.    BACKGROUND**

Plaintiff initiated this action by filing a Complaint on October 15, 2019. ECF No. 1. Plaintiff seeks a declaratory judgment that a life insurance policy issued by Lumico on Defendant Jennifer Marks ("Defendant") is void due to a lack of insurable interest and/or material misrepresentations in the application. *See id.* Since initiating this action, Plaintiff has attempted personal service on Defendant. Plaintiff argues that personal service has been unsuccessful, and now seeks leave to serve Defendant through mail and by publication pursuant to N.J. Ct. R. 4:4-4(b)(3).

**II.     DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 4(e),

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be effected. *See* N.J. Ct. R. 4:4-4(b). "For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"Diligence has no fixed standard." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *Id.* (citation omitted). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (citations omitted). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted).

"Service by publication is hardly favored and is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004). However, "it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

In this case, the Court finds that Plaintiff has demonstrated due diligence in attempting to serve Defendant. A review of the Affidavit of Katherine L. Villanueva, Esq. shows that in accordance with N.J. Ct. R. 4:4-4(a), Plaintiff sought the assistance of a process server to personally serve Defendant. The process server attempted to serve Defendant at 1316 Bound Brook Road, Middlesex, New Jersey—the address provided to Lumico in a request to change the record address for Defendant. ECF No. 4-1, Affidavit of Katherine L. Villanueva, Esq.

("Villanueva Aff.") ¶¶ 5-7. However, the process server found 1316 Bound Brook Road to be a commercial building with two offices and other vacant suites. Villanueva Aff. ¶ 8. The process server inquired at both offices and neither company knew of Defendant nor had any employee by that name. *Id.* Additionally, the process server attempted to serve Defendant at 112 East Avenue, Norwalk, Connecticut 06851—the address at which Defendant represented that she resided on the application for the subject policy. Villanueva Aff. ¶¶ 4, 9. The current occupant of 112 East Avenue advised the process server that Defendant no longer resided there and her whereabouts were unknown. Villanueva Aff. ¶ 9, Ex. D. Plaintiff's counsel also attests to conducting an investigation in an attempt to locate Defendant including searching numerous databases, motor vehicle registration records nationally, property records, various public records, social media and court records to find a current address or contact information for Defendant. Villanueva Aff. ¶ 11. Plaintiff's counsel states that despite these efforts, Plaintiff has been unable to a locate a valid address for Defendant to personally serve the complaint. Villanueva Aff. ¶ 12.

In light of the foregoing, the Court will allow Plaintiff to effectuate service upon the Defendant through mail and publication. The Court is satisfied that Plaintiff has exhausted all reasonable options for personal service on Defendant and that substitute service remains the only option despite its slim chances of reaching Defendant. While Plaintiff may not have taken every conceivable action to effectuate service upon Defendant, it is clear to the Court that Plaintiff investigated and followed up on information it possessed, or could have reasonably obtained, and has met the constitutional requirements of due process. *See Modan*, 327 N.J. Super. at 48-49. Accordingly, the Court will permit Plaintiff to effectuate service upon Defendant through mail and publication. Still, the Court wants to ensure that notice is reasonably calculated under these circumstances to provide notice to Defendant and to afford her an opportunity to be heard. Thus,

the Court will require Plaintiff to publish notice in 1) a newspaper of general circulation within Middlesex, New Jersey once per week, for six consecutive weeks and 2) a newspaper of general circulation within Norwalk, Connecticut once per week, for six consecutive weeks. In addition, the Court will require Plaintiff to mail a copy of the Summons and Complaint to Defendant at her two last known addresses.

Finally, while Plaintiff has not formally moved for the enlargement of the time to serve Defendant, the Court finds that good cause exists to provide Plaintiff with such an enlargement of time. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

To determine whether to extend the time to effectuate service, the Court makes a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the Court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Id.* (citations omitted). However, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time . . . . In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* (citations omitted). "The good cause prong requires that 'a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules.'" *H.D. Smith, LLC*, 2016 WL 3606785, at *3 (D.N.J. July 5, 2016) (citations omitted). "Thus, when determining whether or not good cause exists, the Court should assess,

5

among other things, 'the reasonableness of plaintiff's efforts to serve,' and 'whether the plaintiff moved for an enlargement of time to serve.'" *Id.* (citations omitted).

In this case, the Court finds that good cause exists to enlarge the time to serve Defendant. Plaintiff has already demonstrated due diligence in its attempts to serve Defendant, and has been unable to serve her, not through any fault or lack of effort on Plaintiff's part. In light of these circumstances, Plaintiff has acted reasonably. Accordingly, Plaintiff shall have until September 1, 2020 to serve Defendant.

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **1st** day of **July, 2020**,

**ORDERED** that Plaintiff's motion for Substituted Service by Publication and Mailing [ECF No. 4] is **GRANTED**; and it is further

**ORDERED** that Plaintiff will be permitted until **September 1, 2020** to effectuate service by publication on Defendant; and it is further

**ORDERED** that Plaintiff shall publish notice in a newspaper of general circulation within Middlesex, New Jersey once per week, for six consecutive weeks; and it is further

**ORDERED** that Plaintiff shall publish notice in a newspaper of general circulation within Norwalk, Connecticut once per week, for six consecutive weeks; and it is further

**ORDERED** that Plaintiff shall mail, via regular and certified mail, a copy of the Summons and Complaint to Defendant at her two last known addresses; and it is further

**ORDERED** that the foregoing shall constitute good and effective service of process in this matter; and it is further

**ORDERED** that Plaintiff will file proof of service, in certification form or otherwise, upon completion of service pursuant to the provisions set forth above, and shall attach the published notices and proof of mailings to any such certification.

_s/ James B. Clark, III_
**JAMES B. CLARK, III**
**United States Magistrate Judge**
