Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUMICO LIFE INSURANCE COMPANY,

    Plaintiff,

    v.

JENNIFER MARKS,

    Defendant.

Civil Action No. 2:19-cv-18968

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on the motion of Plaintiff Lumico Life Insurance Company ("Lumico") for default judgment against Defendant Jennifer Marks under Fed. R. Civ. P. 55(b). D.E. 9 ("Mtn."). The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED without prejudice**.

**I. BACKGROUND & PROCEDURAL HISTORY**

    Lumico seeks entry of default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). D.E. 9-1 ("Pl. Br."). According to the Complaint, Lumico issued Policy Number G0089424 ("the Policy") on the life of Jennifer Marks on March 23, 2018. D.E. 1 ("Compl.") at ¶¶ 6, 12. After issuing the Policy, Lumico learned that Marks's policy application falsely reported identifying information, including her address, date of birth, social security number, and contact information. Compl. at ¶¶ 13-16. Additionally, Lumico discovered that the beneficiaries named on the Policy did not have a familial relationship with Defendant at the time of its issuance. Compl.

at 18. Lumico contends that Defendant was not aware of and/or did not consent to the application for the Policy. Compl. at 19. Lumico alleges that had it known of the misrepresentations, it would not have issued the Policy. Compl. at 20.

On October 15, 2019, Lumico initiated this action seeking a declaration from the Court that the Policy at issue is void *ab initio* due to lack of insurable interest and/or the material misrepresentations made on the application. Compl. at ¶ 1. Lumico also sought an order seeking to retain all premiums paid in connection with the Policy. Compl. at 6.

On October 16, 2019, the Court issued a Summons for service upon Defendant, but Lumico was unable to effectuate personal service. D.E. 2; D.E. 4 at ¶ 3. Initially, a process server attempted to serve Defendant at multiple addresses, including her last known address and the address listed on the Policy application. D.E. 4 at ¶¶ 6-10. Lumico then moved for substitute service, requesting leave to serve Defendant through mail and by publication pursuant to N.J. Ct. R. 4:4-4(b)(3). D.E. 4. Judge Clark granted the motion and provided Lumico until September 1, 2020 to effectuate service by publication on Defendant. D.E. 6. On September 8, 2020, Lumico submitted a declaration stating that it had complied with Judge Clark's order. D.E. 7. Marks has not appeared in this case.

## II. LEGAL STANDARD

### 1. Standard of Review

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be

disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment due to a defendant's failure to answer, a court must determine whether (1) it has personal and subject-matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id*. at *2. Because Lumico has not submitted arguments as to the sufficiency of its cause of action, the Court denies the motion but briefly discusses some of the other factors.

2. **Jurisdiction**

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)). "Although declaratory judgment actions do not directly involve the award of monetary damages, 'it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation.'" *Colony Insurance, Co. v. Troensa Construction, Inc.*, 2018 WL 4676038, at *6 (D.N.J. 2018) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397-98 (3d Cir. 2016). "In an insurance coverage declaration action, courts look to the value of the insurance policy and the

damages alleged in the underlying case to determine whether the jurisdictional amount in controversy has been met.'" *Id*. "The allegations set forth in the complaint control the determination unless it appears 'to a legal certainty the claim is really for less than the jurisdictional amount." *Id*. (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). For a jurisdictional analysis, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Lumico, is a corporation organized and existing under the laws of Missouri, with its principal place of business in New York. Compl. at ¶ 2. Defendant is a citizen of New Jersey. Compl. at ¶ 3. The policy at issue is $500,000, which exceeds the $75,000 threshold under 28 U.S.C. § 1332. The Court therefore has subject-matter jurisdiction over this matter.[1]

As to personal jurisdiction, "an individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks omitted). Here, Plaintiff alleges that Marks is a resident

---

[1] The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201 and 2202, provides that a court "[i]n a case of actual controversy within its jurisdiction . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Even if the Court has subject-matter jurisdiction, it retains discretion to decline jurisdiction. *Colony Ins. Co. v. Troensa Constr., Inc., No.* CV1703577RBKKMW, 2018 WL 4676038, at *5 (D.N.J. Sept. 28, 2018). Because the Court will dismiss this motion without prejudice, if Lumico moves again for default judgment, it is should briefly address why the Court should exercise jurisdiction under the DJA.

and citizen of New Jersey. Compl. at ¶ 3. Because Marks is at "home" in New Jersey, the Court has personal jurisdiction over Marks.

3. Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Here, Lumico attempted to effectuate personal service. When that was unsuccessful, Judge Clark granted Lumico's request for leave to serve Defendant through mail and publication. D.E. 6. Pursuant to New Jersey law, personal service is the primary and preferred method to serve an individual defendant located within the state. N.J. Ct. R. 4:4-4(a).

In granting Lumico's motion for substituted service, Judge Clark found that Lumico had "demonstrated due diligence in attempting to serve Defendant" and that Lumcio "investigated and followed up on information it possessed, or could have reasonably obtained, and has met the constitutional requirements of due process." D.E. 6 at 3, 4. When personal service cannot be effectuated in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law allows for substitute modes of service so long as the proposed form of service is "provided by court order, consistent with due process of law." See N.J. Ct. R. 4:4-4(b)(3). Lumico submitted a declaration and exhibits demonstrating that it has complied with Judge Clark's order.[2] D.E. 6. Substitute service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of

---

[2] Specifically, Lumico stated it had complied with the order by: (1) publishing notice in the Home News Tribune on July 20, July 27, August 3, August 10, August 17, and August 24, 2020; (2) publishing notice in the Norwalk Hour on July 20, July 27, August 3, August 10, August 17, and August 24, 2020; and (3) mailing a copy of the summons and complaint by regular and certified mail on July 1, 2020 to Marks's two last known addresses. D.E. 7 at 2-3.

5

the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The determination of reasonable notice "depends on each case's particular facts and circumstances." *Nabi v. Childs*, No. 19-12872, 2019 WL 5800254, at *3 (D.N.J. Nov. 7, 2019). Here, Lumico has met the constitutional standard, and the Court therefore finds that service was sufficient. D.E. 7. *See Luce, Schwab & Kase, Inc. v. Ski Conditioning Inc.*, 2012 WL 2035795, at *9 n.4 (N.J. Super. Ct. App. Div. June 7, 2012) (citing NJ cases for proposition that substituted service is valid even where the defendants never received the complaint).

   4. **Sufficiency of Plaintiff's Causes of Action and Damages**

Next, the Court must determine whether the complaint states a proper cause of action. When considering a motion for default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *21st Century Insurance Co., v. Felipe Express*, 2017 WL 42220429, at *4 (D.N.J. 2017) (quoting *Polidoro v. Saluti*, 675 Fed.Appx. 189, 190 (3d Cir. 2017)).

Lumico does not discuss the sufficiency of its cause of action. The Complaint seeks "declaratory judgment that a life insurance policy issued by Lumico on Defendant's life is void due to a lack of insurable interest and/or material misrepresentations in the application." Compl. at 1. Count I seeks a declaration regarding the rights and obligations of the parties pursuant to 28 U.S.C. § 2201. Compl. at ¶ 22. The relief requested also includes an order permitting Lumico to retain the premiums paid in connection with the Policy. Compl. at 6. Neither Lumico's moving papers nor the Complaint provide or analyze the underlying cause of action. Because Lumico has not addressed the sufficiency of its cause of action or the substance of its claim, the motion for

default judgment is denied. This denial is without prejudice to the filing of a properly supported motion.

### III. CONCLUSION AND ORDER

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 5th day of May, 2021

**ORDERED** that Plaintiff's motion for default judgment, D.E. 9, is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to cure the noted deficiencies within 30 days.

_____
John Michael Vazquez, U.S.D.J.